1  Anoush Hakimi (SBN 228858)
2  anoush@handslawgroup.com
   Peter Shahriari (SBN 237074)
3  peter@handslawgroup.com
4  Laura Steven (SBN 332168)
   laura@handslawgroup.com
5  **THE LAW OFFICE OF HAKIMI & SHAHRIARI**
6  1800 Vine Street
   Los Angeles, CA 90028
7  Telephone: (888) 635-2250
8  Facsimile: (213) 402-2170

9  Attorneys for Plaintiff,
   **SHAWN BEDWELL**
10

11
                    **UNITED STATES DISTRICT COURT**
12                  **CENTRAL DISTRICT OF CALIFORNIA**
13

14 | SHAWN BEDWELL, an individual, | Case No.
15 |     Plaintiff,
16 |     v.
17 |                                | **COMPLAINT FOR VIOLATIONS**
   | TBLB ENTERPRISES LLC, a California | **OF: AMERICANS WITH**
18 | limited liability company; and DOES 1- | **DISABILITIES ACT OF 1990, 42**
19 | 10,                              | **U.S.C. § 12181,** *et seq.***; UNRUH**
   |                                  | **CIVIL RIGHTS ACT, CALIFORNIA**
20 |     Defendants.                  | **CIVIL CODE § 51,** *et seq.*
21
22 |                                  | DEMAND FOR JURY TRIAL
23
24
25          **Most Americans will become disabled at some point in life.**

26         Plaintiff Shawn Bedwell (hereinafter referred to as "Plaintiff,") complains of
27
28 TBLB Enterprises LLC, a California limited liability company; and Does 1-10

                              COMPLAINT

(each, individually a "Defendant," and collectively "Defendants"), and alleges as follows:

## I. PARTIES

1. Shawn Bedwell is paralyzed. His life path was changed by a back surgery which had a bad outcome, resulting in permanent and debilitating nerve damage to his spinal column. Plaintiff needs a wheelchair or walker for mobility. His ability to move objects with his upper body are also impaired. Plaintiff is a disabled person entitled to the protections of the California Unruh Civil Rights Act (UCRA) (*see* Cal. Civ. Code §§ 51, *et seq.*, 52, *et seq.*), the Americans with Disabilities Act (ADA) (*see* 42 U.S.C. § 12102, *et seq.*), and other statutory laws which protect the rights of "disabled persons."  Plaintiff has been issued a blue Disabled Person Parking Placard, by the State of California.  Plaintiff is a California resident with physical disabilities.

2. Defendant TBLB Enterprises LLC, a California limited liability company; owned the property (the "Property"), located at 1091 W Valley Blvd., Colton, CA 92324.

3. There is a business establishment on the Property named "C2 Food Mart" ("the business").

4. The business is a public accommodation as defined by 42 U.S.C. § 12181(7).

5. DOES 1 through 10 were at all relevant times lessors, lessees, property owners, subsidiaries, parent companies, affiliates, employers, employees, agents, corporate officers, managers, principles, and/or representatives of Defendants. Plaintiff is unaware of the true names and capacities of Defendants sued herein as DOES 1 through 10, inclusive, and, therefore, sues those Defendants by fictitious names. Plaintiff requests that the Court grant leave to amend this complaint to allege the true names and capacities when determined by whatever source.

6. Defendants, at all relevant times, were relevant to this action; were the owners, franchisees, franchisors, lessees, lessors, general partners, limited partners, agents, affiliates, employees, employers, representative partners, subsidiaries, partner companies, and/or joint venturers of the remaining Defendants; and were acting within the course and scope of that relationship. Upon information and belief, Plaintiff alleges that each of the Defendants gave consent to, ratified, and/or authorized the acts alleged of each of the remaining Defendants.

7. Plaintiff visited the public accommodations owned, leased, and/or operated by Defendants with the intent to purchase and/or use the goods, services, facilities, privileges, advantages, and/or accommodations offered by Defendants.

## II. JURISDICTION & VENUE

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3) & (a)(4) for violations of the ADA.

9. Pursuant to supplemental jurisdiction, an attendant and related cause of

action, arising from the same nucleus of operative facts, and arising out of the same transactions, is also brought under the UCRA, which expressly incorporates the ADA.

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the real property which is the subject of this action is located in this district, and Plaintiff's cause of action arose in this district.

### III.   FACTS

11. The Property is a facility which is open to the public and includes business establishments.

12. The Property has been newly constructed and/or underwent remodeling, repairs, or alterations after January 26, 1992.  Defendants have failed to comply with California access standards which applied at the time of each new construction and/or alteration, and/or failed to maintain accessible features in operable working condition.

13. Plaintiff visited the Property during the relevant statutory period on three (3) separate occasions, in March 2021 and June 2021 to patronize the business on the Property.

14. Defendants did not offer persons with disabilities with equivalent facilities, privileges, and advantages offered by Defendants to other patrons.

15. Plaintiff encountered barriers, both physical and intangible, that

interfered with, and denied, Plaintiff the ability to use and enjoy the goods, services, privileges, and/or accommodations offered at the Property.

16. Parking is one of the facilities, privileges, and advantages offered by Defendants to patrons of the Property.

17. However, there was no accessible parking for disabled patrons at the Property. The parking space(s) designated for disabled persons did not comply with the ADA.

18. The parking area did not comply with the applicable California Building Code (CBC).

19. When Plaintiff visited the Property, he experienced access barriers related to parking, signage, entryway, paths of travel, and restroom.

20. Plaintiff encountered the following barriers, conditions, and/or violations at the Property:

**VIOLATION of 2010 CBC § 1115B.3.1.3; 1991 ADAS § 4.23.6.** (Accessible lavatory.) At least 5% of lavatories, but not less than (at least) one lavatory shall be accessible (i.e., shall comply with accessibility requirements). An accessible lavatory is not provided.

**VIOLATION of 2010 CBC § 1122B.5; 1991 ADAS § 7.2; 2010 ADAS § 904.** (Transaction counters.) There is no lowered counter that is free and clear

of clutter for disabled persons whose line of sight is lower. There was no lowered, thirty-six (36) inches or less, transaction counter for use by persons who cannot see high surfaces because of their disability. Without a lowered transaction counter, it is difficult for Plaintiff to use the counter to conduct business at the Property.

**VIOLATION of 1991 ADAS § 4.6.2; 2010 ADAS § 208.3.1; 2010 CBC § 1129B.1.** (Minimize travel distance.) The parking space reserved for disabled persons is not located to minimize the travel distance to the entrance. The parking spaces closest to the entrance of the business are not designated accessible spaces. The space reserved for disabled persons are located farther.

**VIOLATION of 1991 ADAS § 4.1.2(7); 2010 ADAS § 216.6; 2010 CBC § 1127B.3; 2019 CBC § 11B-216.6.** (Directional signage.) There is no directional signage showing an accessible path of travel to an accessible entrance. Plaintiff faces an increased risk of injury if Plaintiff is required to backtrack because Plaintiff cannot find an accessible entrance into the business/building. Thus, Plaintiff requires clear signage directing him to any accessible entrance(s). Accessible entrances should be marked with an

International Symbol of Accessibility. **Although there was a sign, it was bent and pointed in the wrong direction, which makes the sign unusable.**

**VIOLATION of 1991 ADAS § 4.6.4; 2010 CBC § 1129B.4; 2019 CBC § 11B-502.6.3.** (Sign improperly located.) A designated disabled parking space identification sign shall be visible from each designated disabled parking space. Signs shall be permanently posted either immediately adjacent to the parking space, or within the projected parking space width at the head end of the parking space. Here it was not. This makes it difficult for Plaintiff and other patrons to identify or locate the designated disabled parking space. Plaintiff needs to park in the space that is nearest to the business entrance and designated for disabled patrons. Plaintiff needs to be able to use an accessible parking space, with an access aisle, to safely access the Property. A properly placed designated disabled parking space identification sign will (better) deter others without disabilities from parking in the space; and will thus decrease the chances that Plaintiff will be blocked from being able to use it.

**VIOLATION of 2010 CBC § 1117B.5.7; 1991 ADAS § 4.30.6; 2010 ADAS § 703.4.** (Sanitary facilities – wall signage.) There is no signage on

the wall approaching the restrooms.

**VIOLATION of 2010 CBC § 1115B.8.1; 1991 ADAS § 4.19.6; 2010 ADAS § 603.3.** (Mirror - Restroom.)  The mirror in the restroom is mounted too high.  Mirrors must have a bottom edge of the reflecting surface located a maximum of forty inches (40") above the floor if above a sink or counter.  Here, the bottom edge of the reflecting surface measures forty-nine inches (49"), making it difficult for Plaintiff to use the restroom.

**VIOLATION of 2010 CBC § 1115B.4.1.; 1991 ADAS § 4.17.3.** (Water closet – side clear floor space.) At least thirty-two (32) inches of clear floor space extending from the rear wall to the front on the side of the water closet adjacent to the wall/partition is not provided.

**VIOLATION of 2010 CBC § 1115B.4.1.; 1991 ADAS § 4.17.3.** (Front of water closet – clear floor space.) The required minimum of sixty (60) inches wide and forty-eight (48) inches deep clear floor space in front of the water closet is not provided.

**VIOLATION of 1991 ADAS § 4.16.6; 2010 ADAS § 604.7; 2010 CBC §**

**1115B.8.4.** (Toilet paper dispenser.) The restroom's toilet tissue dispenser is mounted more than twelve inches (12") from the front edge of the toilet seat, making (which would make) it difficult for Plaintiff to reach the tissue dispenser and use the toilet.

**VIOLATION of 2010 CBC § 1115B.4.1.3.3.2.** (Toilet - rear grab bar height.) The toilet rear grab bar centered thirty-three (33) inches above and parallel to the to the floor is not provided.

**VIOLATION of 2010 CBC § 1115B.6**. (Sanitary facilities – door signage.) The sanitary facilities are missing door signage indicating an accessible facility.

**VIOLATION of 2019 CBC § 11B-502.6; 2010 ADAS § 502.6.** (Sign obscured.) The sign identifying designated disabled parking space(s) is illegible because it is covered with graffiti. This makes it difficult for Plaintiff and other patrons to see and read the sign. Plaintiff needs to be able to use an accessible parking space, with an access aisle, to safely access the Property. Clear signage that explicitly marks the designated disabled parking space will deter others without disabilities from parking in the space and

thereby blocking Plaintiff from being able to use it. Plaintiff needs to park in the space that is nearest to the business entrance and designated for disabled patrons.

**VIOLATION of 2010 CBC § 1129B.1; 2010 ADAS § 502.6.** (Signs obscured- height.) The designated disabled parking spaces do have disabled parking signs; however, they are obscured from being read because they have been posted above ground on a short stand. The designated disabled parking signs must be at least sixty (60) inches above the ground surface measured to the bottom of the sign. These signs are located so low to the ground they cannot be read because they are hidden behind parked cars.

21. Plaintiff personally encountered the foregoing barriers, conditions, and/or violations.

22. These barriers, conditions, and/or violations denied Plaintiff full and equal access, and caused him difficulty, humiliation, and/or frustration.

23. The barriers, conditions, and/or violations existed during each of Plaintiff's visits in 2021.

24. Defendants knew that the foregoing architectural barriers prevented access. Plaintiff will prove that Defendants had actual knowledge that the

architectural barriers prevented access, and that the noncompliance with the ADA Standards for Accessible Design (ADAS), ADA Accessibility Guidelines for Buildings and Facilities (ADAAG), and/or the California Building Code (CBC) was intentional.

25. Plaintiff intends and plans to visit the Property again soon. Currently, Plaintiff is reasonably deterred from returning to Defendants' public accommodation facilities because of the knowledge of barriers to equal access, relating to Plaintiff's disabilities, that continue to exist at the Property.

26. Defendants have failed to maintain in working and useable condition those features necessary to provide ready access to persons with disabilities.

27. Defendants have the financial resources (i.e., financial ability) to remove these barriers without much expense or difficulty in order to make the Property more accessible to their mobility impaired customers (i.e., disabled persons). The removal of these barriers is readily achievable. The United States Department of Justice has determined that removal of these types of barriers is readily achievable.

28. Defendants refuse to remove these barriers.

29. On information and belief, Plaintiff alleges that Defendants' failure to remove these barriers was/is intentional, because the barriers are logical and obvious. During all relevant times, Defendants had authority, control, and

dominion over these conditions. Thus, the absence of accessible facilities was/is not a mishap; it was/is the result of intentional actions or inaction.

30. These barriers to access are described herein without prejudice to Plaintiff citing additional barriers to access after further inspection by Plaintiff's agents and/or experts. *See Doran v 7-ELEVEN, Inc.,* 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site, a plaintiff can sue to have all barriers that relate to his or her disability removed, regardless of whether he or she personally encountered them).

## IV. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990
### (42 U.S.C. § 12101, *et seq*.)

(Against All Defendants)

31. Plaintiff alleges and incorporates by reference each and every allegation contained in all prior paragraphs of this complaint.

32. Title III of the ADA prohibits discrimination against any person on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or operates a place of public accommodation. 42 U.S.C. § 12182(a).

33. Defendants discriminated against Plaintiff by denying him "full and

equal enjoyment" and use of the goods, services, facilities, privileges, and/or accommodations they offered during each visit, and each incident of a deterred visit.

34. The acts and omissions of Defendants herein were/are in violation of Plaintiff's rights under the ADA and the regulations codified at 28 C.F.R. Part 36, *et seq.*

35. Pursuant to the ADA, discrimination is a "failure to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations." 42 U.S.C. § 12182(b)(2)(A)(ii).

36. The ADA requires removal of architectural barriers in existing facilities where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv) ("discrimination includes … a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities, … where such removal is readily achievable"). The term "readily achievable" is defined as "easily accomplishable and able to be carried out without much difficulty or expense." 42 U.S.C. § 12181(9). Barriers are defined by reference to the ADA

Standards for Accessible Design (ADAS), found at 28 C.F.R. Part 36, including the ADA Accessibility Guidelines for Buildings and Facilities (ADAAG), at Part 36, Appendix A.

37. If removal of any barrier is not readily achievable, a failure to make goods, services, facilities, or accommodations available through alternative methods is also prohibited if the alternative methods are readily achievable. 42 U.S.C. § 12182(b)(2)(A)(v).

38. Defendants can remove the architectural barriers at their facility without much difficulty or expense. Defendants violated the ADA by failing to remove the barriers because removal was readily achievable. For instance, there are companies which can repaint parking areas for as little as $350. Defendants can afford such costs, which are a fraction of what Defendants receive in (rental or business) profits in connection with such a large and expensive property.

39. Alternatively, if it was not "readily achievable" for Defendants to remove barriers at their facilities, Defendants violated the ADA by failing to make their services available through alternative methods which are readily achievable.

40. On information and belief, Plaintiff alleges that the facility was altered after January 26, 1992, mandating compliance with accessibility requirements under the ADA.

41. The ADA requires that facilities altered in a manner that affects or

could affect their usability must be made readily accessible to individuals with disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2).

42. Defendants altered the facilities at the Property in a manner that violated the ADA, and/or failed to make the Property readily accessible to physically disabled persons to the maximum extent feasible.

43. The ADA also requires reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations. 42 U.S.C. § 12182(b)(2)(A)(ii).

44. Defendants violated the ADA by failing to make reasonable modifications in policies, practices, or procedures at the Property when these modifications were necessary to afford (and would not fundamentally alter the nature of) the goods, services, facilities, privileges, advantages, or accommodations.

45. Plaintiff seeks a finding from this Court that Defendants violated the ADA, so that he may pursue damages under California's Unruh Civil Rights Act.

46. Here Defendants' failure to make sure that accessible facilities were available to, and ready to be used by, Plaintiff was/is a violation of law.

47. Plaintiff would like to continue to frequent the Property, which is close

to his home. However, he is deterred from doing so because he has been discriminated against and is aware of accessibility barriers at the Property.

48. Among the remedies sought, Plaintiff seeks an injunction order requiring compliance with federal and state disability access laws, and remediation of the existing access violations (i.e., removal of the existing barriers) at the Property.

## V. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT

**(Cal. Civ. Code §§ 51-53)**

(Against All Defendants)

49. Plaintiff repleads and incorporates by reference, as though fully set forth herein, the allegations contained in all prior paragraphs of this complaint.

50. California Civil Code § 51 states, in part: "All persons within the jurisdictions of this state are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever."

51. California Civil Code § 51 also states, in part: "No business establishment of any kind whatsoever shall discriminate against any person in this state because of the disability of the person."

52. California Civil Code § 51(f) specifically incorporates, by reference,

an individual's rights under the ADA into the Unruh Civil Rights Act (UCRA).

53. The UCRA also provides that a violation of the ADA, or California state accessibility regulations, is a violation of the UCRA. Cal. Civ. Code § 51(f); *see Arnold v. United Artists Theatre Circuit, Inc.*, 866 F. Supp. 433, 439 (N.D. Cal. 1994).

54. Defendants' above-mentioned acts and omissions have violated the UCRA by denying Plaintiff his rights to full and equal use of the accommodations, advantages, facilities, privileges, and services they offer, on the basis of Plaintiff's disability.

55. Defendants' above-mentioned acts and omissions have also violated the UCRA by denying Plaintiff his rights to equal access pursuant to the ADA; and, thus, Defendants are liable for damages. *See* Cal. Civ. Code § 51(f), 52(a).

56. Because Defendants' violation of the UCRA resulted in difficulty, discomfort, and/or embarrassment for Plaintiff, Defendants are each also responsible for statutory damages. *See* Cal. Civ. Code § 55.56(a), (c).

//

//

//

//

//

COMPLAINT

57. Plaintiff was (actually) damaged by Defendants' wrongful conduct. He seeks actual damages, and statutory minimum damages of four thousand dollars ($4,000) for each offense (i.e., for each occasion that Plaintiff was denied full and equal access).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, as follows:

1. For injunctive relief compelling Defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: Plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act.

2. Damages under the Unruh Civil Rights Act, which provides for actual damages and statutory minimum damages of $4,000 per each offense.

3. Reasonable attorney fees, litigation expenses, and costs of suit, pursuant to 42 U.S.C. § 12205, and Cal. Civ. Code § 52.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: August 10, 2021           THE LAW OFFICE OF HAKIMI & SHAHRIARI

                                          By:   /s/ Peter Shahriari
                                                 PETER SHAHRIARI, ESQ.
                                                 Attorney for Plaintiff Shawn Bedwell